[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14069
Non-Argument Calendar

_____

D.C. Docket Nos. 3:11-cv-00642-MEF,

8:10-08009-DHW

In Re: MALCOM CLIFTON DAVENPORT,

Debtor.

_____

MALCOLM CLIFTON DAVENPORT, V,

Plaintiff - Appellant,

versus

FRONTIER BANK,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(February 13, 2013)

Before BARKETT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Malcolm Davenport appeals from the district court's memorandum opinion and order affirming the bankruptcy court's decision that Davenport's debt owed to Frontier Bank ("Frontier") was not dischargeable in Davenport's Chapter 7 bankruptcy under 11 U.S.C. § 523(a)(2)(B). Davenport filed for bankruptcy in 2010 and included among the debts he sought to have discharged the nearly $3 million owed on his loan from Frontier. Frontier objected to the attempted discharge seeking to prove that the debt was not dischargeable because Davenport made false statements about his financial situation in order to obtain the loan.

"A debtor under Chapter 7 of the Bankruptcy Code is generally granted a discharge from all debts that arose prior to the filing of the bankruptcy petition." In re Fretz, 244 F.3d 1323, 1326 (11th Cir. 2001). There are, however, exceptions to discharge and the one at issue in this case provides as follows:

> A discharge . . . does not discharge an individual debtor from any debt— . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . use of a statement in writing— (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive.

11 U.S.C. § 523(a)(2)(B). An objecting creditor has the burden to prove each of these elements by a preponderance of the evidence. In re Griffith, 206 F.3d 1389,

2

1396 (11th Cir. 2000) (en banc).  Here, Davenport does not dispute the bankruptcy court's finding that his financial reports, submitted in order to obtain the $3 million loan and have it renewed from 1997 until 2009, were materially false because they did not disclose Davenport's IRS tax liability and an outstanding debt he owed to an Austrian bank.   Instead, Davenport argues that the bankruptcy court erred in concluding that Frontier reasonably relied on these financial statements.  See 11 U.S.C. § 523(a)(2)(B)(iii).  Specially, Davenport argues that had Frontier done minimal investigation or paid attention to "red flags," Davenport's misrepresentations would have been readily apparent.

We have previously explained that for purposes of discharge under § 523(a)(2)(B), "[r]easonable reliance connotes the use of the standard of ordinary and average person."  In re Vann, 67 F.3d 277, 280 (11th Cir. 1995).  The reasonableness of a creditor's reliance is to be evaluated based on circumstances of particular case and pertinent questions to consider include:

- whether there had been previous business dealings with the debtor that gave rise to a relationship of trust;
- whether there were any "red flags" that would have alerted an ordinarily prudent lender to the possibility that the representations relied upon were not accurate; and
- whether even minimal investigation would have revealed the inaccuracy of the debtor's representations.

Id. at 280–81.

3

Here the bankruptcy court found that Frontier reasonably relied on Davenport's financial statements, both because bank officials testified that they actually relied on the statements as was customary banking procedure and because Frontier took into account other factors along with the financial statements when deciding to renew the loan.[1]  The bankruptcy court noted that Frontier asked Davenport questions about the statements before preparing its credit memoranda. For example, when Frontier asked about the Austrian bank liability when it no longer appeared on the financial statement, Davenport indicated that it had been settled.  Frontier took into account Davenport's education, training and experience as a Certified Public Accountant and attorney as well as his family's reputation within the community, which it found enhanced Davenport's credibility. Davenport argues that Frontier should have requested copies of his tax returns from the beginning, however, Frontier reported that it was not its usual practice to request tax returns at the early stage of the life of a loan.

Accordingly, we cannot say that the bankruptcy court clearly erred in its factual findings and, therefore, AFFIRM its conclusion that Davenport's debt to Frontier is non-dischargeable under 11 U.S.C. § 523(a)(2(B).

AFFIRMED.

---

[1] Sitting as a second court of review, the court of appeals reviews the bankruptcy court's conclusions of law de novo and its findings of fact for clear error.  See In re Optical Technologies, Inc., 425 F.3d 1294, 1299–1300 (11th Cir. 2005).